UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Lujean Willis Beard

    Plaintiff,

v.                                                                                          Case No. 07-12189

Michael Astrue, Commissioner of Social            Honorable Sean F. Cox
 Security,

    Defendant.
_____/

# OPINION & ORDER
# ACCEPTING AND ADOPTING REPORT & RECOMMENDATION

This social security appeal is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R&R") filed by Magistrate Judge Steven D. Pepe on July 8, 2008, relating to the parties' cross-motions for summary judgment. In the R&R, Magistrate Judge Pepe recommends that the Commissioner's motion be granted and that the Plaintiff's motion be denied. For the reasons that follow, the Court overrules the objections filed by Plaintiff and shall adopt the R&R.

## BACKGROUND

Plaintiff Lujean Willis Beard brought this action under 42 U.S.C. §405(g) and §1383(c)(3) seeking review of the decision of the Commissioner finding that she was not entitled to Disability Insurance Benefits, Supplemental Social Security Income and Disabled Widow's Insurance Benefits. Thereafter, both parties filed cross-motions for summary judgment in this action, which were referred to Magistrate Judge Pepe pursuant to 28 U.S.C. §636(b)(1)(B) & (C).

1

On July 8, 2008, Magistrate Judge Pepe issued his R&R which recommends that Plaintiff's Motion for Summary Judgment be denied. It further recommends that Defendant's Motion for Summary Judgment be granted.

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must filed objections to the R&R within ten (10) days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

Plaintiff filed timely[1] objections to the R&R on August 5, 2008. Defendant did not file a response to Plaintiff's Objections and the time permitted for doing so has passed.

## **ANALYSIS**

In her objections, Plaintiff first asserts that the Magistrate Judge either misunderstood or misconstrued the objective medical evidence in the record. (*See* Pl.'s Objections at 2-11).

To the extent that Plaintiff's objections assert that Magistrate Judge Pepe should have weighed the medical evidence differently, or that this Court should weigh the evidence differently, such objections are wholly without merit.

The "substantial evidence" standard of judicial review requires that the ALJ's decision be accepted if a reasonable mind might accept the evidence in the record as adequate to support the ALJ's conclusions. *Smith v. Secretary of Health & Human Servs*., 893 F.2d 106, 108 (6th Cir. 1989). If, under the substantial evidence standard, the ALJ's decision must be accepted, the

---

[1]Plaintiff was granted an extension of time for filing her objections. (*See* Docket Entry No. 23).

standard prohibits this Court from inquiring whether the record could support a decision in the plaintiff's favor. *Id.*

This Court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the Court might have reached a different conclusion. *Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). The Court therefore finds Plaintiff's first objection to be without merit.

Next, Plaintiff asserts that the Magistrate Judge incorrectly accepted the ALJ's findings regarding Plaintiff's credibility even though the August 30, 2006 decision did not discuss the reasons behind his credibility determination.

The Court also finds this objection to be without merit. As Magistrate Judge Pepe explained in his R&R, this case "does not involve a typical ALJ review under 20 C.F.R. § 404.929 because it involves a *remand* by the Appeals Council with the requirement that the ALJ address *specific questions*." (R&R at 17)(emphasis added). In the ALJ's first decision, the ALJ clearly addressed Plaintiff's credibility and cited the evidence supporting his determination. (*See e.g.*, A.R. at 328, 332-333). In the second decision, the ALJ addressed only the specific questions raised in the Appeal Council's remand (*see* A.R. at 346-47) and did not restate his credibility findings. Faced with this scenario, Magistrate Judge Pepe concluded that the two decisions by the ALJ must be read in tandem in considering the ALJ's credibility determination. This Court agrees with Magistrate Judge Pepe's reasoning and conclusion. The Court concludes that Plaintiff's objections lack merit.

## CONCLUSION & ORDER

Accordingly, the Court **ACCEPTS** and **ADOPTS** the July 8, 2008 R&R**.  IT IS ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED** and Defendant's Motion for Summary Judgment is **GRANTED.  IT IS FURTHER ORDERED** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.


Dated:  September 15, 2008              S/ Sean F. Cox
                                        Sean F. Cox
                                        United States District Court Judge

---

## PROOF OF SERVICE

The undersigned certifies that the foregoing order was served upon counsel of record via the Court's ECF System and/or U. S. Mail on September 15, 2008.

                                        s/Jennifer Hernandez
                                        Case Manager to
                                        District Judge Sean F. Cox